IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD JASON MANN, #254475, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-332-WKW |
| | ) |
| BILL FRANKLIN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Ronald Jason Mann, an indigent inmate. In the complaint, Mann challenges the constitutionality of force used against him during his arrest on September 2, 2018. Doc. 1-1 at 1.

The defendants filed special reports supported by relevant evidentiary materials, including affidavits and other relevant documents, in which they address the claims for relief presented by Mann and deny violating Mann's constitutional rights with respect to the actions about which he complains.

Upon review of the defendants' written reports and voluminous supporting evidentiary materials, the court entered an order directing Mann to file a response to the these reports. Doc. 32. This order advised Mann that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 32 at 2 (emphasis in original).

Additionally, the order "**specifically cautioned [Mann] that [his failure] to file a response in compliance with the directives of this order**" would result in the undersigned entering a Recommendation for dismissal of this civil action. Doc. 32 at 2–3 (emphasis in original). The time allotted Mann for filing a response in compliance with the directives of this order has long since expired. Doc. 32 at 2. As of the present date, Mann has failed to file a response in opposition to the defendants' written reports. In light of Mann's failure to file a requisite response to the written report of the defendants, the undersigned finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, it is clear that dismissal of this case is the proper course of action. Specifically, Mann is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Mann's inaction in the face of the defendants' reports and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Mann's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes the abandonment of this case by Mann and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for

failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

For the above stated reasons and in light of the undisputed evidentiary materials filed by the defendants, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **February 17, 2021** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*,

996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of February, 2021.

/s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE